**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

RITA R. JOHNSON doing business as
RITA'S SOUTHERN SOUL CAFE
    Plaintiff,

        v.

DENNIS JORDAN,
in his official and personal capacity;
TIMOTHY MORALES,
in his official and personal capacity; and
CITY OF SAGINAW,
    Defendants

_____/

Case No.: 17-cv-12405

Honorable _____

**COMPLAINT
JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

## COMPLAINT

    NOW COMES Plaintiff RITA R. JOHNSON doing business as RITA'S SOUTHERN SOUL CAFE, by and through counsel, and complains as follows:

### PARTIES

1.    Plaintiff RITA R. JOHNSON operates a business as DBA under the name of RITA'S SOUTHERN SOUL CAFE with its principal place of business at 111 North Washington, Saginaw, MI 48604.

2.    Defendant DENNIS JORDAN is an employee of the City of Saginaw who serves as its Human Resource Director and has been assigned as the hearing officer of a contested matter under an ordinance of the City of Saginaw; he is sued in both his official and personal capacity.

3.    Defendant TIMOTHY MORALES is an employee of the City of Saginaw who serves as its City Manager; he is sued in both his official and personal capacity.

1

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4. Defendant CITY OF SAGINAW is a municipal corporation formed under the laws of the State of Michigan.

## JURISDICTION

5. This is a civil action brought pursuant to 42 U.S.C. § 1983 injunctive and declaratory relief together with monetary damages against Defendant CITY OF SAGINAW, Defendant DENNIS JORDAN, and Defendant TIMOTHY MORALES for violations of due process under the Fourteenth Amendment of the United States Constitution.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

7. Venue is proper in this Court as Defendants conducts their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Plaintiff RITA R. JOHNSON operates a business as a "DBA" under the name of RITA'S SOUTHERN SOUL CAFE (hereinafter "Plaintiff").

9. Plaintiff provides event facilities as a rental and provides food and drink in a restaurant-based business at 111 North Washington, Saginaw, MI 48604.

10. Plaintiff had rented the facility to a private party for May 6, 2017.

11. Plaintiff had no knowledge of any persons who sought to commit crimes.

12. Plaintiff did not provide any consent for any individuals or guest to commit crimes on her premises.

13. For reasons not yet known, unknown individuals (who were not connected with the private party at Plaintiff's premises) emerged from a vehicle at approximately 1:30a.m. and began shooting at Plaintiff's building.

14. On Plaintiff's knowledge, no guest of Plaintiff's business committed any crime during the disputed period.

15. On Plaintiff's information and belief, Defendants lack any actual proof that any guest of Plaintiff's business committed or instigated any crime during the disputed period.

16. Plaintiff has no known connection or relationship with any of the unknown shooters.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

17. The May 6, 2017 shooting had nothing to do with Plaintiff's commercial activities.

18. The police were called to stop the illegal activity and apprehend the shooters who had committed crimes against Plaintiff's property and commercial guests.

19. City Police Chief Robert Ruth has opined that the incident is believed to be gang-related, involving gangs from the "southside" and "northside" of Saginaw.

20. The responsibility to quell gang crime and bring criminals to justice belongs to the Police Department of Defendant CITY OF SAGINAW, a duty it seemingly failed to fulfill as it applies to gang shootings within the City of Saginaw.

21. Citizens and criminals alike know that the City of Saginaw Police Department is "cut to the bone" and that many times the City Police "won't come." See Bob Johnson, *Saginaw Police Chief to City Council: 'We Are Cut to the Bone'*, MLIVE.COM, *available at* http://www.mlive.com/news/saginaw/index.ssf/2017/04/saginaw_police_chief_to_city_c.html.

22. Rather than focus efforts on apprehending and stopping the unknown gang-members who *actually* acted illegally and unlawfully, Defendant CITY OF SAGINAW, likely in an attempt to shift blame from its poorly-staffed and ineffective police department, took adverse action against Plaintiff by suspending her business license for actions for which she is not responsible and for alleged crimes she did not otherwise commit or authorize.

23. On information and belief, Defendant CITY OF SAGINAW arbitrarily and capriciously turned off the water supply to 111 North Washington, Saginaw, MI 48604 on or about Sunday, May 7, 2017 without notice or authority in a backhanded way to shut down Plaintiff's commercial operations.

24. On information and belief, the water supply was cut *before* any decision had been made by any relevant public official regarding the unknown gang-members who *actually* acted illegally and unlawfully.

25. On May 8, 2017 and without any pre-depravation hearing, Defendant TIMOTHY MORALES issued a governmental order entitled *Notice of Immediate Suspension of Business Activity* whereby he, as an agent of Defendant CITY OF SAGINAW, ordered the halt of all (and not just illegal) activities, including all commercial activities of any type, at 111 North Washington, Saginaw, MI 48604 (hereinafter the "*Shutdown Order*").

26. The order was overbroad and designed to destroy the commercial interests of Plaintiff's business.

27. A copy of the *Shutdown Order* is attached as **Exhibit A**.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

28. Defendant TIMOTHY MORALES issued this order under authority and processes he claims exist under certain sections of the Code of Ordinances of Defendant CITY OF SAGINAW.

29. Yet, Defendant TIMOTHY MORALES did not issue any command or directive in the *Shutdown Order* or otherwise against the criminal shooters who had plagued Washington Avenue with gunfire and bullets.

30. In other words, Defendant TIMOTHY MORALES did nothing to the criminal shooters to halt their illegal activities.

31. Defendant TIMOTHY MORALES issued the *Shutdown Order* without providing any pre-deprivation hearing in violation of Plaintiff's due process rights.

32. In accordance with an invalid City Ordinance, the City of Saginaw provided notice in the *Shutdown Order* that a hearing had been scheduled for Thursday, May 11, 2017 at 1:00p.m. to require *Plaintiff* to show cause why the Shutdown Order should not continue and/or why the City-issued Licenses and/or Permits should not be suspended for an additional period of time or revoked.

33. The actions of certain criminals on May 6, 2017 had nothing to do with the commercial activities of Plaintiff's business.

34. Defendant CITY OF SAGINAW, by and through Defendant TIMOTHY MORALES, decided and directed that Defendant DENNIS JORDAN would serve as the hearing officer to make findings of facts and various legal conclusions in reviewing the actions of Defendant TIMOTHY MORALES and his *Shutdown Order.*

35. Defendant DENNIS JORDAN is the Human Resources Director of Defendant CITY OF SAGINAW and, on information and belief, reports to Defendant TIMOTHY MORALES as the City Manager.

36. In other words, Defendant TIMOTHY MORALES is the boss or supervisor of Defendant DENNIS JORDAN.

37. On May 11, 2017, a hearing was held wherein the hearing officer Defendant DENNIS JORDAN allowed hearsay testimony, dubious evidence, and irrelevant testimony to support the issued *Shutdown Order* by Defendant TIMOTHY MORALES as City Manager.

38. Most troubling, Defendant DENNIS JORDAN allowed City Police Chief Robert Ruth to testify about the events of May 6, 2017 despite the fact that City Police Chief Robert Ruth was not present at the time of the shooting nor had conducted the investigation following the shooting in the early morning hours of May 6, 2017.

39. In short, nearly all the City of Saginaw's witness testimony was premised on hearsay, speculation, and conjecture, and offered no actual facts that Plaintiff was

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4

involved with the illegal shooters for whom the City Police were and are responsible for apprehending.

40.     Once the hearing was held on May 11, 2017, Defendant DENNIS JORDAN intentionally took more than two months to make his decision all the while Plaintiff was force to lose business due to the suspension of her standard business license for commercial operations within the territorial limits of the City of Saginaw.

41.     On June 23, 2017, Plaintiff's counsel contacted the City Attorney Amy Lusk and Special City Attorney Brett Meyer to inquire how the City could have the Human Resources Director serve as a neutral, detached decision maker and how it could allow hearsay and conjecture as evidence in such a hearing.

42.     City Attorney Amy Lusk had no answer.

43.     Special City Attorney Brett Meyer suggested the City could do so because this was only an "administrative" hearing and such level of due process is not required.

44.     On June 23, 2017, Plaintiff's newly hired counsel filed 15 requests under the Michigan *Freedom of Information Act* seeking a wide amount of information about the processes and procedures undertaken by the City of Saginaw, its Human Resources Director and appointed hearing officer, and Special City Attorney Brett Meyer.

45.     The City took the maximum extension allowed by Michigan's *Freedom of Information Act* and has not yet produced any such records.

46.     However, on July 11, 2017, City Attorney Amy Lusk introduced a proposal to the City of Saginaw City Council to amend the City Ordinance permitting the appointment of employees of the City of Saginaw as the hearing officer to conduct hearings like the one undertaken against Plaintiff.

47.     At the July 11, 2017 City Council Meeting, neither City Attorney Amy Lusk nor Defendant TIMOTHY MORALES explained that that due process requires a neutral and detached arbiter and did not explain that such due process had been denied to Plaintiff on May 11, 2017.

48.     It was presented to the City Council as a 'technical' update.

49.     Only one City Councilperson asked questions about the proposed amended ordinance.

50.     On July 14, 2017, Defendant DENNIS JORDAN issued his decision captioned as *Administrative Hearing Officer's Findings of Facts* (hereinafter "*Findings*").

51.     The decision is biased, one-sided, and premised on numerous faulty assumptions and lack of proof.

52.     The decision is such because Defendant DENNIS JORDAN has, had, and continues to have an immutable constitutional conflict of interest to the level of being in violation of the minimum due process guarantees of the Fourteenth Amendment of the United States Constitution.

## COUNT I
## FOURTH AMENDMENT DUE PROCESS VIOLATION
## 42 U.S.C. § 1983
## (DEFENDANTS JORDAN AND CITY OF SAGINAW)

53.     The previous allegations are re-alleged word for word herein.

54.     The minimum requirements of due process include (a) written notice, (b) disclosure of evidence, (c) opportunity to be heard in person and to present evidence, (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)," (e) a neutral and detached arbiter, and (f) a written statement by the factfinders as to the evidence relied on and reasons for revocation.

55.     Because Defendant DENNIS JORDAN is the human resources director whose supervisor's actions are being reviewed, he is not a neutral and detached arbiter.

56.     The decision of Defendant DENNIS JORDAN is tainted and infected by findings of facts and conclusions of law that are erroneous, not met with actual evidence, premised on hearsay, speculation, and conjecture.

57.     The reason why the decision is so poor is because Defendant DENNIS JORDAN's role within the City of Saginaw and connection with Defendant TIMOTHY MORALES can neither be considered neutral nor detached.

 By acting as the hearing officer when federal law well-establishes that Defendant DENNIS JORDAN cannot and did not act as neutral and detached arbiter, thereby violated Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution.

58.     The selection and assignment by Defendant CITY OF SAGINAW of Defendant DENNIS JORDAN as the hearing officer is a policy, custom, and/or practice of Defendant CITY OF SAGINAW sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

City of Saginaw Code of Ordinances § 110.06 which allows for The selection and assignment by Defendant CITY OF SAGINAW of Defendant DENNIS JORDAN as the hearing officer is a policy, custom, and/or practice of Defendant CITY OF SAGINAW is unconstitutional as violation of due process rights under the Fourteenth Amendment of the United States Constitution.

59.     Plaintiff has and continues to suffer damages as result of Defendants' violation of her due process rights under the Fourteenth Amendment of the United States Constitution.

## COUNT II
## FOURTH AMENDMENT DUE PROCESS VIOLATION
## 42 U.S.C. § 1983
## (DEFENDANTS MORALES AND CITY OF SAGINAW)

60.     The previous allegations are re-alleged word for word herein.

61.     Plaintiff had a constitutionally protected right of property in the form of making a livelihood in her chosen lawful profession and by the issuance and enjoyment of a standard business license for commercial operations within the territorial limits of the City of Saginaw.

62.     Because there was no emergency or exigent circumstances on May 8, 2017 on the date the *Shutdown Order* was issued, Plaintiff was entitled to a pre-depravation hearing before Defendant TIMOTHY MORALES was entitled to suspend or terminate Plaintiff's standard business license for commercial operations within the territorial limits of the City of Saginaw, namely at 111 S. Washington Ave.

63.     Because the City of Saginaw Code of Ordinances § 110.06 allows for the depravation of Plaintiff's livelihood and/or business license without a hearing and because of acts and omission of third parties, said ordinance fails to provide federally-required due process in the form of a pre-depravation hearing *before* such a license is suspended or terminated.

64.     The aforementioned Ordinance is a policy, custom, and/or practice of Defendant CITY OF SAGINAW sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny for violations the Fourteenth Amendment's guarantee of minimum and/or sufficient due process.

65.     By Defendant TIMOTHY MORALES issuing the suspension and/or termination of Plaintiff's livelihood and/or standard business license without a hearing and due to the acts and omission of third parties' violates the Fourteenth Amendment's guarantee of minimum and/or sufficient due process in favor of Plaintiff.

66.     By Defendant TIMOTHY MORALES and/or Defendant CITY OF SAGINAW turning off the water to Plaintiff's business *before* the issuance of the *Shutdown Order* showed that the entire process of suspending the commercial operations of Plaintiff render Defendants' acts reckless and undertaken with complete indifference to Plaintiff's federally protected rights.

67.     Plaintiff has and continues to suffer damages as result of Defendants' violation of her due process rights under the Fourteenth Amendment of the United States Constitution.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**COUNT III**
**FOURTH AMENDMENT DUE PROCESS VIOLATION**
**42 U.S.C. § 1983**
**(DEFENDANT CITY OF SAGINAW)**

68.    The previous allegations are re-alleged word for word herein.

69.    The minimum requirements of due process include (a) written notice, (b) disclosure of evidence, (c) opportunity to be heard in person and to present evidence, (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)," (e) a neutral and detached arbiter, and (f) a written statement by the factfinders as to the evidence relied on and reasons for revocation.

70.    Defendant CITY OF SAGINAW has ordained and promulgated a process which allows Defendant TIMOTHY MORALES to issue an immediate suspension and/or termination of Plaintiff's constitutionally protected right of property in the form of making a livelihood in her chosen profession and by the issuance of a standard business license for commercial operations within the territorial limits of the City of Saginaw.

71.    Upon issuance, Defendant CITY OF SAGINAW had a hearing three days later before a _non_-neutral and _non_-detached hearing officer by its Human Resources Director, Defendant DENNIS JORDAN.

72.    On July 14, 2017, Defendant DENNIS JORDAN made findings which are directly in violation of his obligations under relevant ordinance, § 110.06(D)(5)-(8), issued and ordained by the City of Saginaw.

73.    Plaintiff will be appealing said decision; however, Defendant DENNIS JORDAN's decision is then reviewed by a three-person group consisting of Defendant TIMOTHY MORALES or his designee, the affected department head or their designee, and the City Clerk or their designee.

74.    None of these three individuals are neutral and detached hearing officers as required by federal constitutional guarantee of due process.

75.    Moreover and by application of the City Ordinance, the forthcoming appellate review of Defendant TIMOTHY MORALES' Shutdown Order will be reviewed by, in part, Defendant TIMOTHY MORALES.

76.    An individual charged and empowered to review his own decision violates the basic notions of the Fourteenth Amendment's guarantee of minimum and/or sufficient due process in the lack of a neutral and detached decision maker.

77.    As such, City of Saginaw Code of Ordinances § 110.06(E) is unconstitutional by violating the Fourteenth Amendment's guarantee of minimum and/or sufficient due process.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## RELIEF REQUESTED

78. WHEREFORE, Plaintiff RITA R. JOHNSON doing business as RITA'S SOUTHERN SOUL CAFE, by counsel, respectfully requests this Court to—

a. Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants as being unconstitutional;

b. Enter a temporary restraining order, preliminary injunction, and permanent injunction against Defendant TIMOTHY MORALES and Defendant CITY OF SAGINAW in allowing Defendant TIMOTHY MORALES' Shutdown Order will be reviewed by, in part, Defendant TIMOTHY MORALES pursuant to City of Saginaw Code of Ordinances § 110.06(E);

c. Enter an order, pursuant to the Declaratory Judgment Act, that the July 14, 2017 Administrative Hearing Officer's Findings of Facts is intolerability invalid due to violations of due process;

d. Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the due process guarantees of the Fourteenth Amendment to the United States Constitution;

e. Enter an order awarding all nominal and/or shown damages, with interest, for Defendants' illegal actions;

f. Enter an order for an award of punitive damages; and

g. Enter an order for all such other relief the court deems equitable.

## JURY DEMAND

79. For all triable issues, a jury is hereby demanded.

Date: July 25, 2017

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

9